CHARLES J. PETERS vs. BARBARA ST. AUBIN & another.

Bristol. November 7, 1968. — December 9, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Watercourse. Equity Pleading and Practice, Parties.*

A final decree in a suit in equity rightly ordering a landowner to restore the full and free flow of a watercourse across her land after fill placed thereon by her had blocked it should not have run also against a construction corporation which had not furnished either labor or material for the filling project, even though the corporation used the filled area for parking its equipment and vehicles and the landowner's husband was employed by it and used his connection with it to get advantageous prices for labor and materials. [42]

A landowner may change the course of a stream over his land without liability to owners of lands upstream provided the full and free flow of water is not diminished or impeded. [44]

In a suit in equity by the owner of land extensively flooded by the blocking of watercourses across the defendant's land by fill placed and spread thereon by her to a depth of at least two feet, this court left unchanged provisions of the final decree declaring that the filling was illegal and directing the defendant to pay a certain sum to the plaintiff for damage to his trees, but ordered certain modifications so as to set out fully the defendant's duty with respect to the location, width, and depth of a new channel and other excavation necessary to restore the full and free flow of the watercourses, to provide for retention of the suit for further changes in the decree, after hearing, if necessary or appropriate, and to direct the defendant to allow the plaintiff to go on the defendant's land at reasonable times to clear out debris from the watercourses. [44–45]

BILL IN EQUITY filed in the Superior Court on May 18, 1966.

The suit was heard by *Cahill*, J., on a master's report.

*William A. Torphy (George M. Thomas* with him) for the defendants.

*Ferdinand B. Sowa* for the plaintiff.

WHITTEMORE, J. This appeal attacks certain aspects of a final decree in a suit in equity in the Superior Court that requires the defendants to take action designed to restore a watercourse across land of the defendant Barbara

St. Aubin in Acushnet which had been blocked by the placing of fill on the St. Aubin land. The obstruction of the watercourse had caused extensive flooding of the plaintiff's wood and scrubland (formerly a cranberry bog) which lies upland of the St. Aubin parcel to the east, but separated from it by land of another owner. The facts are found in a master's report.

1. The decree should not run against the corporate defendant R. W. Foster, Inc. (Foster). The master found that Foster had nothing to do with furnishing either labor or material for the filling project. The additional findings that the owner's husband was employed in construction and contracting work by Foster; that the husband used his connection with Foster to get advantageous prices for labor and material; that payment for these items was made by Foster's checks (but merely as an accommodation, the amounts having been reimbursed by the owner); and that the filled area was used by Foster for parking its equipment and vehicles, do not justify affirmative relief against Foster. That Foster, inferentially, was interested that the work be done and that it benefited from it did not make it responsible.

2. The master reported: "I should point out . . . that in my judgment the flooding conditions . . . could be completely remedied in one of two ways. 1. By requiring the defendant St. Aubin to excavate the old channel across her property to a depth of six (6) feet and a width of six (6) feet, below the present filled grade, or 2. . . . [By excavating an alternate course along the east boundary of the property]." The decree is in accordance with the first of these alternative findings.

St. Aubin objects that there is no express finding that the prior course was of these dimensions across her land and also that excavation to this depth will cause flooding of her land in periods of high rainfall or melting snows. An express finding that the watercourse traversed the next property, upland of the St. Aubin land, in a well defined channel six to eight feet wide supports the second of the two dimensions specified. As to the depth, the master found that the block-

ing of the watercourse was done in connection with placing and spreading large quantities of fill on the land to a depth of at least two feet. To restore the prior grade of the watercourse, therefore, requires excavation through the two feet or more of fill to the old surface grade and as much below that as is necessary to get to the bottom of the filled watercourse. We infer from the master's finding that he deemed that excavation to a depth of six feet below the new, raised surface was required to restore the prior grade of the watercourse. One of the exhibits, however, which shows relative elevations along the course of the Cushman Pond Brook into which the filled watercourse flowed, suggests that excavation to a depth of six feet may mean digging below the old watercourse grade. We discuss below the appropriate modification of the decree because of this.

We see nothing in the suggestion that six foot deep trenches would cause flooding of the St. Aubin land. Prior to the filling this land was at times flooded by overflow from the watercourse and the Cushman Pond Brook and it was to exclude the flood waters, particularly from the cellar of the St. Aubin house, that the filling was undertaken. Restoring the watercourse will not mean restoring the lower surface level that permitted flooding of the St. Aubin land, and the accumulation of water in a six foot trench deeper than the grade of the natural stream would not cause overflow.

3. The filled watercourse crossed the St. Aubin land from a point in its easterly line southwesterly to its junction with the Cushman Pond Brook that runs along the St. Aubin southerly boundary. The filling of the St. Aubin land extended so close to the Cushman Pond Brook as to cause narrowing of the bed of that brook and the formation of shoals and the accumulation of debris in the brook bed along the southerly boundary and in the culvert through which it flows under North Main Street, the westerly boundary of the St. Aubin lot. The decree orders that St. Aubin remove the shoals and dig out the Cushman Pond Brook on her land to a depth "so that the water will flow off the . . . [plaintiff's] land and not accumulate there." There is perhaps implicit

in this order a limitation that St. Aubin is not required to make the plaintiff's land less subject to flooding than before the obstruction of the water flow. Nevertheless a modification of the decree to make this express is advisable.

To restore the flow it is apparent that the shoals caused by St. Aubin's acts must be removed from the culvert. The decree should provide that, subject to consent of public authorities for work in the culvert, St. Aubin shall also clear the watercourse therein.

4. The alternate method of relief indicated by the master would carry the water (which formerly flowed diagonally through the St. Aubin land), along the easterly boundary of that land, in a narrow strip which had not been filled and remained at the old surface grade, to a new watercourse which St. Aubin had caused to be dug out near her southerly boundary. That newly dug watercourse connects with the Cushman Pond Brook at the point where the filled watercourse had joined the Cushman Pond Brook.[1] This alternative would have the advantage of requiring a less deep trench which would not cross the lot and not interfere with the use of the newly filled area. An upstream owner's right is not interfered with by change by a downstream owner of the course of the stream across his land provided the full and free flow is not diminished or impeded. See *McGowen v. Carr*, 272 Mass. 573, 574, 577. (Decree affirmed that included an alternative that defendants construct "such other system of drainage . . . [of the natural watercourse] that would cause the plaintiffs' premises to be drained as conditions [previously] existed").

5. The final decree is to be modified as below stated.

Paragraph 1 (the filling was illegal), no change.

Paragraph 2, change to read: (a) The defendant Barbara St. Aubin shall excavate a channel across her property sufficient to restore the full and free flow of the filled watercourse from the point in her easterly line where the water-

---

[1] The defendant St. Aubin does not ask for the use of this alternative, but we deal with it since she contends that restoring the former watercourse would not involve making the deep trench across her land to which she objects.

course formerly entered her property to the point in the Cushman Pond Brook in her southerly boundary where the watercourse formerly joined that brook. This channel may be in the approximate line of the former channel or such alternate course as shall furnish substantially equal full and free flow. The channel shall be approximately six feet wide and, subject to subparagraph (b) next following, shall be dug to a depth of six feet below the grade of the newly filled and raised surface of the St. Aubin land. (b) After the required channel has been dug to a depth which, in St. Aubin's view, fully restores the former flow, but which is less than six feet below the filled grade, she may apply to the court for a modification of the requirements of subparagraph (a). (c) The defendant St. Aubin shall remove the shoals in and dig out the Cushman Pond Brook to such width and depth as will restore the former full and free flow of upland waters therein. (d) Subject to consent of the public authorities, which the defendant St. Aubin shall use due diligence to obtain, she shall also dig out the brook bed in the culvert under North Main Street to the extent necessary to restore the former flow. (e) Jurisdiction is retained of this suit to permit modification of the orders of this decree, after hearing, if necessary or appropriate.

Paragraph 3 ($200 ordered paid for damage to trees), no change.

Paragraph 4, change to read (substantive change indicated by added emphasis): The defendant St. Aubin is hereby ordered to allow the plaintiff to go on her land at reasonable times to clear out debris *from the new channel* or from the Cushman Pond Brook.

Paragraph 5 (the orders entered also against Foster), delete the paragraph.

Modified as aforesaid the decree is affirmed.

*So ordered.*